UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ALBERT S.N. HEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00268-WTL-MJD |
| | ) |
| US FEDERAL BUREAU OF PRISONS, | ) |
| JEFFERY ALLEN, | ) |
| REVELLE, | ) |
| JAMES PELTON, | ) |
| SHEILA HADAWAY, | ) |
| LON KRIEG, | ) |
| ASSEFA AYALEW, | ) |
| JOHN AND JANE DOES, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint, Dismissing Certain Defendants, and Severing Certain Claims**

Plaintiff Albert S.N. Hee is currently an inmate at the Federal Prison Camp (FPC) in Terre Haute, Indiana. He filed this action against the Federal Bureau of Prisons (BOP) and individual medical providers and administrators. Mr. Hee alleges that he has been denied adequate medical care and that the continued disregard of his serious medical conditions is damaging his physical and mental health. In addition, Mr. Hee alleges that the BOP's written policies are life-threatening given the medical care regimen he requires. Mr. Hee alleges that FPC Terre Haute doctors have stated in writing that his current placement is not safe, but the BOP has refused to transfer him to a more suitable facility. He also seeks injunctive relief specifically an order transferring him to the FPC at Devens, Maine, and the ability to carry injectable Benadryl or, in the alternative, compassionate release.[1]

---

[1] According to the Bureau of Prisons' website his anticipated release date is October 16, 2019.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b). For the reasons explained below, certain claims shall proceed, while other claims are dismissed for failure to state a claim or because they are misjoined.

## I. The Complaint

### A. Background

Mr. Hee describes his serious medical need as follows:

> Between 1972 and 1976, while in the Navy, I was given a course of monthly antibiotics to treat chronic bronchitis. The treatments severely compromised my immune system resulting in my developing severe allergies to: medications including antibiotics; environmental – molds, mildew, pollen; multiple foods; and a sensitivity to chemicals and odors.

Dkt. No. 1 at 2. Mr. Hee states that his allergies are so severe that they can cause asthma and anaphylaxis. On one occasion prior to his incarceration, Mr. Hee had to be taken to the emergency room for intubation, mechanical ventilation and an induced coma. On two other occasions, he lost consciousness. Mr. Hee claims that his medical conditions are controlled by avoidance of allergens, daily medications, and emergency use of injectable Benadryl.

### B. Injunctive Relief Claims Against the BOP and Dr. Jeffery Allen

The claim against the BOP is that it kept the money UPS paid for losing Mr. Hee's property, refused to allow Mr. Hee to buy another Omron portable nebulizer, stopped his medications for chronic medical conditions (including immediate access to injectable Benadryl), failed to process

his request for compassionate release, maintains a medical care policy that will harm Mr. Hee (specifically, the mandated use of epinephrine), and refuses to transfer him to a safer camp.

### 1. Transfer to safe environment

Dr. Jeffery Allen is the BOP Health Services Director in Washington D.C. Mr. Hee alleges that Dr. Allen is responsible for denying Mr. Hee's request for transfer out of FPC Terre Haute to a safer facility. Mr. Hee argues that the medical staff at the FPC Terre Haute agree that the setting is not safe for him and have requested that he be transferred. In addition, as a result of the environment at FCP Terre Haute, Mr. Hee has doubled his intake of oral Benadryl (100 mg/day) and has required injections of Benadryl several times during the summer months.

Mr. Hee alleges that his transfer to the FPC at Butner was denied because it has staffing similar to the FPC at Terre Haute, so there would be no benefit. Mr. Hee alleges that he should not be placed at risk because of BOP medical staff shortages. Mr. Hee claims that the FPC at Devens would be an appropriate placement because he could be transported to an emergency room faster, it has a smaller camp population, and it is air conditioned.

### 2. BOP Epinephrine policy

Mr. Hee further claims that the BOP's standard written treatment of epinephrine could kill him. Dkt. No. 1 at 2. Mr. Hee explains that in 2011, he had a heart attack requiring the placement of a stent. As a result, he should receive injectable Benadryl first and EpiPen second in an emergency situation. The BOP's written policy instead calls for the use of epinephrine that could cause Mr. Hee to have another heart attack.

### 3. Omron nebulizer

The medications and Omron nebulizer Mr. Hee took with him to the Federal Medical Center in Rochester were mailed back to his home via UPS. UPS notified BOP that the shipment had been lost and when UPS reimbursed BOP for Mr. Hee's lost property, BOP kept the money (more than $1000). The Omron nebulizer was never found and BOP refused to replace it or reimburse Mr. Hee.

This is understood to be a claim for injunctive relief seeking provision of a Omron nebulizer. It is also understood to be a claim for $1000 against the United States under the Federal Tort Claims Act.

### 4. Official capacity claims

Mr. Hee has named all of the individual defendants in their individual and official capacities. The official capacity claim shall proceed as to Dr. Jeffrey Allen, the BOP Health Services Director. The reason for this ruling is that an official capacity claim is really a claim against the BOP and Dr. Allen appears to be the appropriate defendant from which to seek injunctive relief. All other official capacity claims are dismissed without prejudice as unnecessary and duplicative.

## C. Claims Against Medical Providers at Federal Medical Center in Rochester, Minnesota

Mr. Hee self-surrendered at Federal Medical Center (FMC) Rochester on June 15, 2016. Defendants Dr. Sheila Hadaway, Dr. Lon Krieg, and Dr. Assefa Ayalew, provided medical care at the FMC Rochester. In particular, Dr. Hadaway, clinical director of FMC Rochester allegedly canceled all of Mr. Hee's asthma and allergy medications without examining Mr. Hee. Dr. Krieg

gave Mr. Hee a Wright test on June 22, 2016. He attributed Mr. Hee's reduced respiration to a lack of effort. Dr. Ayalew conducted an initial physical examination on June 15, 2016.

Mr. Hee alleges that these three defendants failed to timely provide him with his prescribed medications for his chronic conditions and was only given his asthma and allergy medications after his attorneys and wife wrote letters to the warden and court. These allegations are sufficient to state an Eighth Amendment claims pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

**D. Dismissal of Other Defendants**

    **a. Claims against Defendant Revell**

The claims against Ms. Sara Revell, BOP North Central Regional Director, located in Kansas City, Kansas, are dismissed because no allegations of wrongdoing are alleged against her. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994) (district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

    **b. Claims against Dr. James Pelton**

Claims against Dr. James Pelton, BOP West Regional Director, are dismissed. Dr. Pelton allegedly testified during Mr. Hee's sentencing hearing. Mr. Hee alleges that Dr. Pelton misled the sentencing judge by falsely testifying that Mr. Hee would receive the same level of medical treatment and exposure to allergens in prison as he does outside of prison. Dr. Pelton stated that

the BOP would have Mr. Hee's medications when he reported to the FMC as long as they had advance notice and that he had received and reviewed Mr. Hee's doctors' recommendations. Those recommendations included the statement that Mr. Hee is at high risk for sudden death and that immediate medical intervention in the form of airway intubation and mechanical ventilation may be required. Dkt. No. 1 at 5. Dr. Pelton allegedly ignored Mr. Hee's doctor's prescribed medical regimen and assured the court that the BOP could handle Mr. Hee's need to avoid food allergen exposure.

> The Seventh Circuit recently explained:
>
> Witnesses "enjoy absolute immunity" to ensure that they testify truthfully without fear of reprisal. *Canen v. Chapman*, 847 F.3d 407, 415 (7th Cir. 2017). The scope of their immunity is broadly construed to include preparation of testimony, *id.*, testimony at pretrial proceedings, *Curtis v. Bembenek*, 48 F.3d 281, 285 (7th Cir. 1995), depositions, and affidavits, *Giffin v. Summerlin*, 78 F.3d 1227, 1230 (7th Cir. 1995). Witness immunity even covers out-of-court conspiracies to present false testimony—at least with respect to the individual who will present the testimony. *House v. Belford*, 956 F.2d 711, 720–21 (7th Cir. 1992).

*Kowalski v. Boliker*, No. 17-1952, 2018 WL 3120205, at *7 (7th Cir. June 26, 2018). Dr. Pelton is entitled to absolute immunity in this action. Thus, Dr. Pelton is dismissed because his alleged wrongdoing is based on his testimony at Mr. Hee's sentencing hearing.

**c. Claims Against John and Jane Does.**

Claims against Jane/John Does 1-12 are dismissed because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

## II. Severance of Claims

### A. Misjoined Claims

Rule 18(a) of the Federal Rules of Civil Procedure provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances.

Mr. Hee's complaint, discussed above, includes three sets of claims that are separate and distinct from each other.

1. The injunctive relief claims against the BOP and Dr. Jeffery Allen based on Mr. Hee's current conditions of confinement are separate and distinct.

2. The Eighth Amendment claims alleged against defendants Dr. Sheila Hadaway, Dr. Lon Krieg, and Dr. Assefa Ayalew for their role in providing Mr. Hee medical care while incarcerated at the Federal Medical Center in Rochester, Minnesota are separate and distinct.

3. The Federal Tort Claims Act (FTCA) claim against the United States of America based on BOP's failure to reimburse Mr. Hee for the lost Omron nebulizer is separate and distinct. *See* dkt. 3 (amending complaint to raise FTCA claim).

The misjoinder of claims must be corrected before this action can proceed. Accordingly, claims against the BOP and Dr. Jeffery Allen shall proceed in this action. The other claims asserted in the complaint, however, shall be severed. "The court may . . . sever any claim against a party." FED. R. CIV. P. 21. The Court of Appeals has instructed that generally, if a district court finds that a plaintiff has misjoined parties, the Court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). This is the remedy that will be applied to the complaint.

**B. Severance**

The claims against the United States and defendants Dr. Sheila Hadaway, and Dr. Lon Krieg, Dr. Assefa Ayalew are **severed from the original complaint.**

To effectuate this ruling, two new civil actions from the Terre Haute Division shall be opened, consistent with the following:

a. Albert S.N. Hee shall be the plaintiff in each of the newly opened actions.

b. The Nature of Suit in each of the newly opened actions shall be 555.

c. The Cause of Action in the first of the newly opened actions shall be 28:1331b.

d. The Cause of Action in the second of the newly opened actions shall be 28:1346t.

e. The complaint in this action shall be filed and re-docketed as the complaint in each of the newly opened actions.

f. A copy of this Entry shall be docketed in each of the newly opened actions.

g. This action and each of the newly-opened actions shall be shown with this action and with each other as linked actions.

h. The defendants in the first of the newly opened actions shall be Dr. Sheila Hadaway, Dr. Lon Krieg, and Dr. Assefa Ayalew.

i. The defendant in the second of the newly opened actions shall be the United States of America.

j. The assignment of judicial officers shall be by random draw.

Claims in the newly-opened actions are distinct from those in this action and from each other.

### III. Conclusion

All claims against Ms. Sara Revell, Dr. James Pelton, and John and Jane Does are **dismissed for failure to state a claim upon which relief may be granted**. The claims against the United States, Dr. Sheila Hadaway, Dr. Lon Krieg, and Dr. Assefa Ayalew are misjoined and these defendants are **dismissed without prejudice**.

The **clerk is directed** to terminate the United States, Dr. Sheila Hadaway, Dr. Lon Krieg, Dr. Assefa Ayalew, Ms. Sara Revell, Dr. James Pelton, and John and Jane Does as defendants on the docket. No partial final judgment shall issue.

The action docketed as No. 2:18-cv-268-WTL-MJD shall proceed as to U.S. Federal Bureau of Prisons and Dr. Jeffery Allen, personally and in his official capacity as BOP Health Services Director. Service of process shall issue to these two defendants in a separate order.

**IT IS SO ORDERED.**

Date: 7/2/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ALBERT S.N. HEE
04602-122
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808